Dear Director Breedlove,
¶ 0 This office has received your request for an Attorney General Opinion in which you ask, in effect, the following questions:
What limitations, if any, exist on the use of monies held in thecrime victims compensation revolving fund that are collectedpursuant to the Oklahoma Crime Victims Compensation Act found at21 O.S. 1991 and Supp. 1997, §§ 142.1-142.20?
Pursuant to 21 O.S. 1991 and Supp. 1997, §§ 142.1-142.20,may the Oklahoma Crime Victims Compensation Board spend moniesheld in the crime victims compensation revolving fund for: (1)administration; and (2) efforts made to publicize theavailability of compensation and information regarding the filingof claims for compensation?
¶ 1 Your questions deal with the authority of the Oklahoma Crime Victims Compensation Board ("the Victims Board") to expend money. The Victims Board is a statutorily created body which awards "compensation for economic loss arising from criminally injurious conduct." 21 O.S. Supp. 1997, § 142.5[21-142.5](A). The Victims Board is governed by the Oklahoma Crime Victims Compensation Act ("the Act") found at 21 O.S. 1991 and Supp. 1997, §§142.1-142.20. Therefore, the answers to your questions can only be determined by examining the powers authorized by the Act. While examining those powers, however, it is also important to consider the legislative intent of the Act. As such, both the Legislative intent and the specific powers of the Board are recited as follows:
 LEGISLATIVE INTENT OF THE CRIME VICTIMS COMPENSATION ACT
 It is the intent of the Legislature to provide a method of compensating and assisting those persons who become victims of criminal acts and who suffer bodily injury or death who are either within this state or who are residents of this state who become victims, as defined in Section 142.3 of the title, in states that have no crime victims compensation program. To this end, it is the further intent of the Legislature to provide compensation in the amount of expenses actually incurred as a direct result of the criminal acts of other persons.
21 O.S. 1991, § 142.1[21-142.1]
 POWERS OF THE VICTIMS BOARD
¶ 2 The Board has the authority to "award compensation for economic loss arising from criminally injurious conduct." 21O.S. Supp. 1997, § 142.5[21-142.5](A). It also has the authority "to reinvestigate or reopen claims." 21 O.S. Supp. 1997, §142.5[21-142.5](B). It has the authority to subpoena witnesses, compel attendance, require the production of documents, administer oaths, conduct hearings and receive evidence. 21 O.S. Supp.1997, § 142.5[21-142.5](C).
¶ 3 Section 142.6 of the Act provides the Board with the following additional powers:
 1. Regulate its own procedures except as otherwise provided in this act;
 2. Adopt rules and regulations to implement the provisions of this act;
3. Define any term not defined in this act;
 4. Prescribe forms necessary to carry out the purposes of this act;
 5. Request access to any reports of investigations or other data necessary to assist the Board in making a determination of eligibility for compensation under the provisions of this act;
 6. Take judicial notice of general, technical and scientific facts within their specialized knowledge; and
 7. Publicize the availability of compensation and information regarding the filing of claims therefor.
21 O.S. 1991, § 142.6[21-142.6] (emphasis added).
 DISCUSSION AUTHORITY TO EXPEND FUNDS IN FURTHERANCE OF IMPLEMENTING THE ACT [A]n officer or agency has, by implication and in addition to the powers expressly given by statute, such powers as are necessary for the due and efficient exercise of the powers expressly granted, or such as may be fairly implied from the statute granting the express powers. However, an agency created by statute may only exercise the powers granted by statute and cannot expand those powers by its own authority.
Marley v. Cannon, 618 P.2d 401, 405 (Okla. 1980) (citations omitted).
¶ 4 Your first question asks whether there are any limitations on the use of monies collected pursuant to the Act. A revolving fund has been statutorily authorized and consists of all monies received by the Victims Board from any source except appropriated funds, including non-appropriated funds collected pursuant to the Act.
 All monies accruing to the credit of said Fund are hereby appropriated and, except for those monies specifically authorized by the Legislature to be expended by the District Attorneys Council for administration of the Crime Victims Compensation Board or operating expenses for administering federal grant programs, may be budgeted and expended by the Board for the purpose of implementing the provisions of the [Act]. . . .
21 O.S. 1991, § 142.17[21-142.17].
¶ 5 The Victims Board, therefore, may spend non-appropriated funds for any purpose which furthers the implementation of the Act. It is beyond the scope of an Attorney General's Opinion to discuss each and every expenditure which may be appropriate for "implementing the provisions" of the Act as such would necessarily involve questions of fact. 74 O.S. Supp. 1997, §18b[74-18b](A)(5).
¶ 6 By way of example, however, it is clear that since the Victims Board is specifically empowered to "[p]ublicize the availability of compensation and information," the Victims Board may expend revolving fund monies on publicity programs designed to inform victims of provisions of the Act. 21 O.S. 1991, §142.6[21-142.6](7).
¶ 7 On the other hand, Section 142.5(D) of the Act limits the Victims Board's authority with regard to employing or obtaining administrative support. The Legislature has specifically provided that administrative support must be provided by the District Attorneys Council ("DAC"). Section 142.5(D) of the Act provides:
 The Board shall be provided such office, support, staff and secretarial services as necessary by the District Attorneys Council.
21 O.S. Supp. 1997, § 142.5[21-142.5](D).
¶ 8 Section 142.5(D) mandates that administrative services such as offices, support, staff and secretarial services, must be provided by DAC. The Legislature has acknowledged the mandate by appropriating funds to DAC to pay for these services. This mandate is further evident in the revolving fund language which excepts from expenditure funds appropriated to DAC to provide necessary administrative services.
¶ 9 This analysis is consistent with the specific Legislative intent recited above. These monies were collected and set aside to provide compensation and assistance to crime victims. Monies spent on publicizing the availability of the funds for victims certainly furthers this Legislative intent. Likewise, by paying for administrative services from funds other than those collected for the benefit of victims, the Legislature has provided some assurance that victims' monies will go where intended — to the victims. Accordingly, the Victims Board may not expend its revolving fund monies funds for office, support, staff, or secretarial services because those services must be provided by DAC.
¶ 10 While the Victims Board has the legal authority to expend its revolving fund monies to further the implementation of the Act, certain steps must be taken to comply with the State finance and budget requirements. Expenditures from the revolving fund must be made upon warrants issued by the State Treasurer against claims filed with the Director of State Finance. 21 O.S. 1991, §142.17[21-142.17].
 PUBLIC FINANCE REQUIREMENTS
¶ 11 Although a discussion of public finance does not directly affect the answer to your questions, it is important to point out that the monies collected by the Victims Board (i.e.,
restitution and victims compensation assessments), which do not arise from direct legislative appropriations, are subject to the Oklahoma Budget Law of 1947 ("Budget Law"). Pursuant to 62 O.S.1991, § 41.13[62-41.13]:
 All departments, institutions, or agencies of the State which are operating either partially or entirely from revenues derived from sources other than legislative appropriations, shall file requests for allotments under the same provisions herein stated as are required for direct legislative appropriations which distinctly specify the amount appropriated.
¶ 12 Generally, the Budget Law requires agencies to file a "work program" with the Director of State Finance which details how the agency expects to spend their anticipated revenues during the ensuing year.
 In considerably simplified terms, the Director then studies such programs and makes quarterly or other periodical" allotments" of funds for the main purpose of insuring that there will be no "overdraft or deficit" in the agencies' accounts during or especially by the end of the fiscal year. The Budget Act provides that legislative appropriations "shall not be available for contractual or expenditure purposes until allotted as provided in this act."
A.G. Opin. 88-75 (citations omitted). See also 62 O.S. Supp.1997, § 41.7c[62-41.7c]; 62 O.S. 1991, §§ 41.6[62-41.6] and 41.13.
¶ 13 It is, therefore, the official Opinion of the AttorneyGeneral that:
Pursuant to 21 O.S. 1991, § 142.17[21-142.17], the Oklahoma CrimeVictims Board may expend non-appropriated funds which are held inits revolving fund for purposes of implementing the provisions ofthe Oklahoma Crime Victims Compensation Act found at 21 O.S.1991 and Supp. 1997, § 142.1-142.20. Whether a particularexpenditure is for the purpose of implementing the provisions ofthe Act is a question of fact which cannot be answered in anOpinion of the Attorney General. 74 O.S. Supp. 1997, §18b(A)(5).
Pursuant to 21 O.S. 1991, § 142.6[21-142.6], the Oklahoma CrimeVictims Compensation Board may spend its revolving fund moniesfor efforts which consist of publicizing the availability ofcompensation.
Pursuant to 21 O.S. Supp. 1997, § 142.5(D) the OklahomaCrime Victims Compensation Board may not spend its revolving fundmonies for administrative services such as office, support, staffand secretaries. Such services must be provided by the DistrictAttorneys Council and are paid with funds which have beenappropriated to the District Attorneys Council.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GRETCHEN ZUMWALT ASSISTANT ATTORNEY GENERAL